IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) | CIVIL NO. 06-00418 SOM/KSC |
| | ) | ORDER DIRECTING THAT FUNDS HELD |
| Plaintiff, | ) | BY THE COURT BE PAID TO |
| | ) | JENNIFER PAPASTEPHANOU AS THE |
| vs. | ) | LEGAL GUARDIAN/CUSTODIAN OF |
| | ) | SAMANTHA ELIANE HEINTZ |
| JENNIFER M. PAPASTEPHANOU, | ) | PAPASTEPHANOU; ORDER |
| parent with full custody of | ) | DISCHARGING STATE FARM LIFE |
| Samantha Eliane Heintz | ) | INSURANCE COMPANY FROM ANY |
| Papastephanou; SAMANTHA | ) | FURTHER LIABILITY UNDER POLICY |
| ELIANE HEINTZ PAPASTEPHANOU, | ) | NUMBER LF-2220-3020 (FORMERLY |
| a minor; LEE M. DAVIS, | ) | POLICY NUMBER 1568-1413); ORDER |
| formerly known as Lee M. | ) | DIRECTING THAT THIS CASE BE |
| Heintz; JEAN E. HEINTZ, | ) | CLOSED |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DIRECTING THAT FUNDS HELD BY THE COURT BE PAID TO
JENNIFER PAPASTEPHANOU AS THE LEGAL GUARDIAN/CUSTODIAN OF
SAMANTHA ELIANE HEINTZ PAPASTEPHANOU;
ORDER DISCHARGING STATE FARM LIFE INSURANCE COMPANY FROM ANY
FURTHER LIABILITY UNDER POLICY NUMBER LF-2220-3020 (FORMERLY
POLICY NUMBER 1568-1413);
ORDER DIRECTING THAT THIS CASE BE CLOSED

I.      INTRODUCTION.

        Because State Farm Life Insurance Company did not know

to whom it should pay the proceeds of a life insurance policy, it

deposited those proceeds with this court and filed the present

interpleader action.  Since the filing of this action, all of the

potential claimants have agreed that the proceeds should be paid

to Jennifer M. Papastephanou as the legal guardian/custodian of

Samantha Eliane Heintz Papastephanou.

Pursuant to Local Rule 7.2(d), the court disposes of the motions currently before the court without a hearing.  The court orders that the funds deposited with this court be paid to Jennifer M. Papastephanou as the legal guardian/custodian of Samantha Eliane Heintz Papastephanou.  State Farm is therefore discharged from its obligations under the life insurance policy. The Clerk of Court is directed to terminate all pending motions and to close this case.

II.      FACTUAL BACKGROUND.

Jennifer M. Papastephanou and the insured, Brian Heintz, were married and had one child, Samantha Eliane Heintz Papastephanou.  On August 29, 2000, a divorce decree was entered that dissolved the marriage between the two.  In that divorce decree, the Hawaii state court ordered that Brian Heintz "maintain life insurance on his life for the benefit of the child in an amount not less than one hundred fifty thousand dollars ($150,000), with the proceeds payable to Plaintiff in her capacity as the child's legal guardian/custodian."  See Divorce Decree (Aug. 25, 2000) ¶ 7 (attached as Exhibit 1 to Defendants' Motion).  It appears that Brian Heintz did maintain a $150,000 term life insurance policy, listing Jennifer Papastephanou as the beneficiary.  See Asset and Debt Statement (listing a $150,000 life insurance policy with Jennifer Papastephanou as the beneficiary) (Attached to Defendants' Motion as Ex. 1A).

2

On or about October 10, 2001, Brian Heintz changed the beneficiary on the $150,000 life insurance policy, Number 1568-1413, to "Samantha Eliane Heintz-Papastephanou." <u>See</u> Change of Beneficiary and/or Settlement Specifications (Oct. 10, 2001) (attached as Exhibit 2 to Defendants' Motion).

On or about June 15, 2004, having remarried, Brian Heintz again changed the beneficiary on the $150,000 life insurance policy, Number 1568-1413.  This time, the primary beneficiaries became "80% Lee Myong Heintz, 52, Spouse" and "20% Jean E. Heintz, 75, Mother." <u>See</u> Change of Beneficiary and/or Settlement Specifications (June 15, 2004) (attached as Exhibit 3 to Defendants' Motion).

On or about March 31, 2005, Brian Heintz converted the insurance policy to a "Whole Life" policy.  <u>See</u> Ex. 3 to Defendants' Motion.  This policy was apparently given a new number, LF-2220-3020.  <u>See</u> Exhibit 7 to Defendants' Motion; Complaint (Aug. 2, 2006) ¶ 15.  It appears that Lee Myong Heintz and Jean E. Heintz remained as the beneficiaries under the new policy.  Samantha Eliane Heintz-Papastephanou does not appear to have been reinstated as a named beneficiary under this new policy.

On or about June 7, 2005, Brian Heintz died in a car accident.  <u>See</u> Declaration of Jennifer Papastephanou (Sept. 20, 2006) ¶ 6.

Pursuant to the terms of the divorce decree, Jennifer Papastephanou demanded that State Farm, Lee Myong Heintz, and Jean E. Heintz agree that the proceeds from Policy Number LF-2220-3020 be paid to Jennifer Papastephanou. See Letter (Dec. 19, 2005) (attached to Defendants' Motion as Exhibit 6).

On or about January 9, 2006, Jean E. Heintz executed a Release of Claims and Consent to Payment of Life Insurance Proceeds to Jennifer M. Papastephanou, the legal guardian of Samantha Eliane Heintz Papastephanou. See Ex. 7.

Although Lee Myong Heintz and Jennifer Papastephanou appear to have reached an oral agreement in March 2006 that the proceeds from the life insurance policy should be paid to Jennifer Papastephanou, see Ex. 9, the Mutual Release, Settlement, and Indemnification Agreement formalizing the March 2006 agreement was not executed until September 20, 2006.

In the meantime, on August 2, 2006, State Farm filed this interpleader action. See Complaint (Aug. 2, 2006). That same day, State Farm deposited $160,612.69 with this court in a non-interest-bearing account. See Ex. A to Plaintiff's Counter Motion.

III.    ANALYSIS AND CONCLUSION.

On October 6, 2006, Jennifer Papastephanou and Samantha Eliane Heintz Papastephanou filed a motion to dismiss State Farm's interpleader complaint, arguing that it failed to state a

4

claim because all of the parties had agreed in September 2006 that the proceeds from the life insurance policy should be paid to Jennifer Papastephanou.  Jennifer Papastephanou and Samantha Eliane Heintz Papastephanou alternatively requested summary judgment.

On November 11, 2006, State Farm filed a countermotion to discharge State Farm from any further obligation under Brian Heintz's life insurance policy.

This action was properly filed under 28 U.S.C. § 1335(a).  Because there is no longer any dispute that the proceeds from the life insurance policy should be paid to Jennifer Papastephanou as the legal guardian/custodian of Samantha Eliane Heintz Papastephanou, and because there is no dispute that State Farm has fulfilled its obligations under that life insurance policy, the court orders: 1) that the Clerk of Court issue a check payable to "Jennifer Papastephanou and Deeley King & Pang" for the full amount State Farm deposited with the court -- $160,612.69; 2) that the Clerk of Court mail this check to "John Winnicki, attorney for Jennifer and Samantha Papastephanou, Deeley King & Pang, 810 Richards Street, Suite 700, Honolulu, Hawaii, 96813"; 3) that State Farm is discharged from any further liability arising out of life insurance policy

numbers LF-220-3020 and 1568-1413 or in connection with claims interpleaded in this action; and 4) that the Clerk of Court terminate all pending motions and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 17, 2006.

Susan Oki Mollway
United States District Judge

_STATE FARM LIFE INSURANCE COMPANY V. PAPASTEPHANOU, ET AL._, Civil No. 06-00418 SOM/KSC; Order Directing That Funds Held by the Court Be Paid to Jennifer Papastephanou as the Legal Guardian/Custodian of Samantha Eliane Heintz Papastephanou; Order Discharging State Farm Life Insurance Company from Any Further Liability under Policy Number Lf-2220-3020 (Formerly Policy Number 1568-1413); Order Directing That this Case Be Closed